UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID L. WILLIAMS, SR., ET AL.                    CIVIL ACTION

VERSUS

WEST BATON ROUGE DISTRICT ATTORNEY                NO. 16-0274-JJB-EWD
OFFICE, ET AL.

RULING

On or about May 6, 2016, Plaintiff David L. Williams, Sr., commenced this proceeding by filing a Complaint on behalf of himself and his "common law wife," Nancy D. Stewart, complaining about the alleged violation of his constitutional rights resulting from his overlong confinement after arrest without trial. Whereas Plaintiff Williams filed with the Complaint a motion to proceed *in forma pauperis* on his own behalf, *see* R. Doc. 2, a similar motion was not filed on behalf of co-Plaintiff Stewart, and no address was provided for co-Plaintiff Stewart. Accordingly, on July 27, 2016, the Court forwarded correspondence to Plaintiff Williams advising him that co-Plaintiff Stewart was also required to submit a motion to proceed *in forma pauperis* and was required to provide an address where she could be contacted and served with pleadings in this proceeding. *See* R. Doc. 4. Thereafter, the Court entered an Order on September 13, 2016 (R. Doc. 8), directing Plaintiff Williams, within fourteen (14) days, to provide the Court with an address where co-Plaintiff Nancy D. Stewart could be contacted. Plaintiff Williams subsequently did so, *see* R. Doc. 9, and the Court thereafter forwarded correspondence to co-Plaintiff Stewart's address on October 12, 2016 (R. Doc. 10), advising her that she was required to file a motion to proceed *in forma pauperis* herein within twenty-one (21) days. The referenced correspondence also placed co-Plaintiff Stewart on notice that a failure to comply with the Court's Order within

the time allowed "may result in the dismissal of your suit … by the Court without further notice." *Id.*

A review of the record by the Court now reflects that co-Plaintiff Stewart has failed to pay the filing fee or submit a properly completed motion to proceed *in forma pauperis* as instructed. In addition, it appears from the record that the Court's correspondence of October 12, 2016 (R. Doc. 10), which was forwarded to co-Plaintiff Stewart at the address provided, has been returned to the Court as undeliverable, marked "Return To Sender," apparently because co-Plaintiff Stewart no longer resides at the address provided by Plaintiff Williams.

Pursuant to Local Rule 41(b)(4) of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. As a practical matter, this case cannot proceed on behalf of co-Plaintiff Stewart without an address where co-Plaintiff Stewart may be reached and where she may receive pleadings, notices or rulings. Accordingly, the Court concludes that the claim of co-Plaintiff Nancy D. Stewart in the above-captioned proceeding should be dismissed, without prejudice, for failure of co-Plaintiff Stewart to prosecute this proceeding by failing to keep the Court apprised of a current address. Therefore,

**IT IS ORDERED** that the claim of co-Plaintiff Nancy D. Stewart in the above-captioned proceeding be **DISMISSED,** without prejudice, for failure of co-Plaintiff Stewart to prosecute this proceeding by failing to keep the Court apprised of a current address.

Baton Rouge, Louisiana, this _____ day of March, 2017.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE