# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DAVID L. WILLIAMS, SR. (#292013)**                    **CIVIL ACTION**

**VERSUS**                                              **NO. 16-274-SDD-EWD**

**WEST BATON ROUGE PARISH**
**DISTRICT ATTORNEY OFFICE, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 12, 2019.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DAVID L. WILLIAMS, SR. (#292013)**  **CIVIL ACTION**

**VERSUS**  **NO. 16-274-SDD-EWD**

**WEST BATON ROUGE PARISH**
**DISTRICT ATTORNEY OFFICE, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are two Motions to Dismiss ("Motions")[1] filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The first Motion was filed on behalf of West Baton Rouge Parish Sheriff Mike Cazes,[2] and Detectives Kenneth Young, Kevin Cyrus and Ron Lejeune (collectively the ("WBRSO Defendants").[3] The second Motion was filed on behalf of Richard J. Ward, Jr.,[4] Becky L. Chustz, and Scotty E. Chabert, Jr.[5] (collectively "WBRDA Defendants"). As the Motions rely on the same principles of law and upon the same facts, they are analyzed together. For the following reasons, the undersigned recommends the Motions be granted and that the claims of *pro se* plaintiff, David Williams ("Plaintiffs") be dismissed with prejudice.

### I.    Background

Plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the WBRSO Defendants and the WBRDA Defendants. Plaintiffs alleges that he was imprisoned for two counts of second-degree murder without ever having been taken to trial in violation of his right to due process. Plaintiff further

---

[1] R. Docs. 28 & 29. Each of these Motions was alternatively filed as Motions for Summary Judgment.
[2] Mike Cazes is not personally named as a defendant but appears in his official capacity as the sheriff of the West Baton Rouge Parish Sheriff's Office. R. Doc. 28, p. 1.
[3] R. Doc. 28.
[4] Richard J. Ward is not personally named as a defendant but appears as Assistant District Attorney for the West Baton Rouge District Attorney's Office. R. Doc. 29, p. 1.
[5] R. Doc 29.

alleges that on September 3, 2015, the charges were dismissed.[6]  He further states that "the detectives

solicit false statements and evidence to falsely prosecute me using malicious and vindictive tactics."[7]

Plaintiff seeks compensatory damages for "mental anguish, malicious prosecution, physical anguish,

defamation, false imprisonment."[8]

## II.    Law & Analysis

### A.  Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[9] and *Ashcroft v. Iqbal*,[10] the Supreme Court clarified the

standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule

12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the

speculative level."[11]  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."[13]  It follows that, "where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[14]  "Where a

Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the

line between possibility and plausibility of entitlement to relief.'"[15]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept

as true all of the factual allegations contained in the Complaint."[16]  Further, "[a] document filed *pro*

---

[6] R. Doc. 1.
[7] R. Doc. 1, p. 4.
[8] R. Doc. 1, p. 5.
[9] 550 U.S. 544 (2007).
[10] 556 U.S. 662 (2009).
[11] *Twombly,* 550 U.S. at 555.
[12] *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. 544.
[13] *Id.*
[14] *Id.* at 679.
[15] *Id.* at 678 (internal quotation marks omitted).
[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[17]   Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[18] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[19] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[20] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[21]

### B.  Plaintiff's Suit is Barred by the Application of *Heck v. Humphrey*[22]

In *Heck v. Humphrey*,[23] the Supreme Court held that a claim that effectively attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 unless and until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[24]

Whether a § 1983 claim to recover damages for allegedly unconstitutional conviction or imprisonment may proceed therefore depends on whether a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or imprisonment.[25]  To make that determination here, it is necessary to look to documents outside of the Complaint to determine the status of the charges and/or conviction related to the imprisonment of which Plaintiff complains.  Although district courts primarily look to the allegations found in the complaint in determining whether to grant a Rule

---

[17] *Id.* (citation omitted).
[18] Fed. R. Civ. P. 8(a)(2).
[19] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[20] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).
[21] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).
[22] 512 U.S. 477 (1994).
[23] *Id.*
[24] *Id.* at 486-87.  *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).
[25] *Heck*, 512 U.S. at 486-87.

12(b)(6) motion, there are other sources the courts may consider.[26]  For example, district courts may consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned."[27]  Importantly, "[t]he district court is permitted to take judicial notice of public records such as prior judgments."[28]

Here, Plaintiff's complains regarding his incarceration on two charges of second-degree murder.[29]  Though Plaintiff alleges "the murder case" was dismissed, public records prove otherwise. Defendants have provided this Court with the criminal court minutes related to the charges of second-degree murder, which demonstrate that Plaintiff was, in fact, convicted of two counts of second-degree murder by a unanimous jury on May 18, 2018.[30]  Accordingly, Plaintiff's claims alleging he was denied due process of law because he was not taken to trial fail, since he was, indeed, tried and convicted.  Moreover, any claim for false imprisonment, malicious prosecution, or defamation is barred by *Heck v. Humphrey* because Plaintiff's claims necessarily imply the invalidity of Plaintiff's conviction or sentence, but Plaintiff's conviction or sentence has not been reversed, revised, expunged declared invalid, nor has it been called into question by a federal court's issuance of a writ of *habeas*

[26] *Meyers v. Textron, Inc.*, 540 Fed. Appx. 408, 409 (5th Cir. 2013) (unpub'd) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, (2007)).
[27] *Meyers*, 540 Fed. Appx. at 409 (*citing Tellabs*, 551 U.S. at 322).
[28] *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227 (5th Cir. 2008).
[29] Plaintiff has filed "objections" to the Motions that are without merit, but which argue Plaintiff's Complaint is regarding false imprisonment for forcible rape (of which he was claims he was never convicted), rather than the second-degree murder charges. (R. Docs. 32 & 34).  A plain reading of Plaintiff's Complaint reveals nothing regarding forcible rape or any imprisonment related thereto.  Plaintiff only makes mention of "the murder case" and being indicted for two counts of second-degree murder and the lack of a trial for same. Further, Plaintiff has unsuccessfully challenged his detention regarding the prior forcible rape charge in this Court. *See David L. Williams, Sr. v. Richard J. Ward, et al.*, 10-408, 2011 WL 2790186 (M.D. La. June 8, 2011), *adopted by David L. Williams, Sr. v. Richard J. Ward, et al.*, 10-408, 2011 WL 2791124 (M.D. La. July 14, 2011).  That case was dismissed with prejudice on a Motion for Summary Judgment with regard to the named West Baton Rouge Parish Sheriff's Office defendants and dismissed *sua sponte* for failure to state a claim with regard to the named West Baton Rouge Parish District Attorney's Office defendants.  R. Doc. 30.
[30] R. Doc. 28-8.  To the extent Plaintiff's Complaint could be construed as complaining that Plaintiff was denied the right to a speedy trial, the state courts have already spoken on this issue.  The Louisiana Court of Appeal for the First Circuit opined that "[a]s a result of the numerous continuances requested and granted *on behalf of the defense*, the time limitation to commence the felony jury trial in this case has not expired." *State of Louisiana v. David L. Williams, Sr.*, 2017 KW 1194 (La. App. 1 Cir. 11/14/17), 2017 WL 5478622 (emphasis added).

*corpus*.  Thus, Plaintiff fails to assert a legally cognizable claim against any defendant,[31] and Defendants' Motions to Dismiss[32] should be granted.

### III.    Recommendation

**IT IS RECOMMENDED** that Defendants' Motions to Dismiss[33] be **GRANTED** and this case be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion Requesting Copy of Record and Motion to Enforce Briefing Order[34] be **DENIED AS MOOT**.[35]

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion Requesting Copy of Record and Motion to Enforce Briefing Order[36] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on April 12, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] The WBRSO Defendants also argue that Plaintiff's defamation claim fails as a matter of law because "[P]laintiff has not pled, nor can he make any showing regarding any elements of a defamation claim." R. Doc. 28-1, p. 14. The undersigned does not read the Complaint as asserting a defamation claim. It is not necessary to address any additional arguments in the Motions to Dismiss as this ruling fully resolves all asserted claims.

[32] R. Docs. 28 & 29.

[33] R. Docs. 28 & 29.

[34] R. Doc. 33.

[35] To the extent Plaintiff claims he needs additional information regarding his forcible rape charges, as noted in footnote 29, *supra*, the Complaint in this matter does not relate to those charges. Further, the consideration of the criminal court minutes in this case does not convert the Motions to motions for summary judgment. As noted above, the Court may take judicial notice of public records in deciding a 12(b)(6) motion. Accordingly, additional evidence is not necessary.

[36] R. Doc. 35.